IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES DAVID DUCKER | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-07-CV-1640-M |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner James David Ducker, a Texas prisoner, has filed an application for writ of habeas corpus under 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

Petitioner pled guilty to aggravated sexual assault of a child and was sentenced to life imprisonment. His conviction and sentence were affirmed on direct appeal. *Ducker v. State*, 45 S.W.3d 791 (Tex. App.--Dallas 2001, no pet.). Petitioner also filed an application for state post-conviction relief. The application was denied without written order. *Ex parte Ducker*, No. 62,764-01 (Tex. Crim. App. Jan. 25, 2006). Petitioner then filed this action in federal district court.

II.

In five grounds for relief, petitioner contends that: (1) his guilty plea was involuntary; (2) the prosecutor failed to disclose evidence favorable to the defense; (3) he received ineffective

-1-

assistance of counsel; (4) his sentence is illegal; and (5) the trial judge violated his constitutional right to a fair trial.

On November 28, 2007, respondent filed a preliminary response suggesting that this case is barred by limitations. Petitioner was invited to address the limitations issue in a written reply, but failed to do so. The court now determines that the habeas petition is time-barred and should be dismissed.

A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *Id.*

§ 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner was sentenced to life imprisonment for aggravated sexual assault of a child. The court of appeals affirmed his conviction on May 24, 2001, and petitioner did not seek further review in the Texas Court of Criminal Appeals. Therefore, his conviction became final 30 days thereafter on June 25, 2001.[1] *See* TEX. R. APP. P. 68.2 (PDR must be filed within 30 days after court of appeals renders judgment or overrules motion for rehearing); *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner filed an application for state post-conviction relief on March 23, 2005. The application was denied on January 25, 2006. Petitioner filed the instant case on September 13, 2007.

The AEDPA statute of limitations started to run on June 25, 2001, when petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). Yet petitioner waited more than *three years* before seeking state post-conviction relief and more than *19 months* after his state writ was denied before seeking federal habeas relief. No explanation has been offered to justify this delay. Accordingly, this case is barred by limitations and should be dismissed.

**RECOMMENDATION**

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

---

[1] The 30th day after the court of appeals decision fell on Saturday, June 23, 2001. As a result, petitioner had until the following Monday, June 25, 2001, to file a petition for discretionary review. *See* TEX. R. APP. P. 4.1(a).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 7, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE